422

THE STATE OF OHIO, APPELLEE, *v.* RICE, APPELLANT.

[Cite as State v. Rice (1982), 69 Ohio St. 2d 422.]

(No. 81-876—Decided February 26, 1982.)

*Mr. Anthony G. Pizza,* prosecuting attorney, *Mr. Michael J. Manahan* and *Mr. Joseph R. Wilson,* for appellee.

*Mr. John F. Potts,* for appellant.

HOLMES, J.

## I.

Appellant's first proposition of law is that carrying a concealed weapon and possession of a weapon while under disability are allied offenses of similar import, under R. C. 2941.25 (A), and a person may not be convicted of both offenses based upon a single act of possession. This statute relied upon by the appellant, known as the similar-acts statute, states:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

However, subsection (A) of R. C. 2941.25 must be read *in pari materia* with subsection (B), which is as follows:

"Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Accordingly, this court stated in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, at page 129, as follows:

"Even though there might be a shield initially provided a

defendant under R. C. 2941.25(A) where charged with multiple counts, he still must overcome the hurdle of R. C. 2941.25(B). This section, in essence, provides that notwithstanding the fact that a defendant is charged with two or more offenses of the same or similar kind he may be convicted of all of them if he committed them separately, or if he possessed a separate 'animus' as to each. In so providing, R. C. 2941.25(B) 'carves an exception to division (A) of the same statute * * * .' " (Quoting *State* v. *Frazier* [1979], 58 Ohio St. 2d 253, 255.)

A number of cases involving R. C. 2941.25 have been reviewed by this court, as to both subsection (A) and subsection (B). These cases, in the main, were alluded to in the recent case of *State* v. *Baer* (1981), 67 Ohio St. 2d 220.

Under R. C. 2941.25, if the conduct of the defendant here may be construed to constitute allied offenses of similar import, and the offenses are found not to have been committed separately or with a separate animus as to each, the defendant may be convicted of only one of the offenses.

In explaining the purpose behind R. C. 2941.25, this court stated in *Logan, supra,* at page 131, that:

"It is apparent that the statute has attempted to codify the judicial doctrine—sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses—which holds that 'a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.' *State* v. *Botta* (1971), 27 Ohio St. 2d 196, 201. * * *" (Footnotes omitted.)

Further, in *Logan, supra,* we set forth the test for determining whether multiple offenses are allied offenses of similar import, stating, at page 128, that:

"In essence, * * * [*State* v. *Donald* (1979), 57 Ohio St. 2d 73] established that in order for two crimes to constitute allied offenses of similar import, there must be a recognized similarity between the elements of the crimes committed. The offenses and their elements must correspond to such a degree that commission of the one offense will result in the commission of the other."

The crimes for which the appellant was charged, convicted

and sentenced are carrying a concealed weapon and having a weapon while under disability. The former crime is set forth in R. C. 2923.12 which, in pertinent part, provides:

"(A) No person shall knowingly carry or have concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance.

" * * *

"(D) Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree. If the offender has previously been convicted of a violation of this section or of any offense of violence, or if the weapon involved is a firearm which is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, then carrying concealed weapons is a felony of the third degree. If the offense is committed aboard an aircraft, or with purpose to carry a concealed weapon aboard an aircraft, regardless of the weapon involved, carrying concealed weapons is a felony of the second degree."

Having a weapon under disability is defined by R. C. 2923.13, which, in pertinent part, provides:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

" * * *

"(2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony;

" * * *

"(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the fourth degree."

A close inspection of these two statutes reveals that there are indeed a number of similar elements. However, all of the elements requiring proof prior to a finding of violation thereof are not the same, one to the other. For example, a person with no prior record may violate the concealed weapon statute but could not lawfully be charged with having a weapon under disability. Contrarily, a person under disability may "acquire, have, carry, or use" a firearm or dangerous ordnance without carrying it with him in a concealed fashion.

Additionally, as pointed out by the appellee, these statutes differ as to the weapons to which they apply. Although both statutes apply to dangerous ordnances, the concealed weapon statute also proscribes the carrying of or concealing a "deadly weapon." The latter, by definition of R. C. 2923.11(A), means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

The categories of weapons encompassed within the concealed weapon statute are obviously broader than those of the disability statute. For example, a person under disability could be found guilty of carrying a concealed knife in violation of R. C. 2923.12, but the possession of the knife would not violate R. C. 2923.13.

Therefore, the elements of proof of these two crimes indicate that they do not correspond to such a degree that commission of the one offense will result in the commission of the other. Accordingly, we hold that the offenses of carrying a concealed weapon and having a weapon while under disability are not allied offenses of similar import under R. C. 2941.25(A). Further, even though the two offenses involved here might be considered as allied offenses of similar import pursuant to R. C. 2941.25(A), the appellant may fare no better upon this appeal in that the conduct of this appellant constituted offenses committed separately, and committed with a separate animus as to each offense. This, as stated in *State* v. *Frazier* (1979), 58 Ohio St. 2d 253, is the type of conduct that by way of subsection (B) of R. C. 2941.25 carves the exceptions to subsection (A). It may reasonably be concluded under the facts that the crimes were committed separately. It may reasonably be concluded that the gun involved here was that of the appellant, and it may be assumed that the appellant had procured the gun in question some time prior to the incident involved here when he concealed it from the view of Officer Vetter. For the purposes of R. C. 2923.13, the elements of proof for the violation of this statute were provided at the time the appellant, a person under disability, originally acquired this firearm. The violation of this statute took place some time prior to Officer Vetter coming on the scene. The conduct of the appellant in carrying a concealed handgun under the front seat

of the automobile constituted a separate and distinct act from that of his previously acquiring and possessing such handgun. Therefore, we may conclude that there is present here the separateness of the offenses as alluded to in subsection (B) of R. C. 2941.25.

Further, the crimes committed here may be considered as having a separate animus as to each. The intent, or animus, necessary to commit the crime of carrying a concealed weapon, is to carry or conceal, on the person or ready at hand, a deadly weapon or dangerous ordnance. The gist of the offense is concealment; *State* v. *Nieto* (1920), 101 Ohio St. 409, 413, decided under the prior statute, but still germane. The gravamen of the offense of having a weapon while under disability, is to "knowingly * * * acquire, have, carry, or use," a weapon while under a legal disability. It may be concluded that there is a difference in the mental state required for both crimes. It may also be concluded that the General Assembly intended that the crimes be treated differently by the courts.

The intent of the General Assembly, in adopting R. C. 2941.25, may be seen by examining the Committee Comment where it is stated that the purpose of the section is to prevent " 'shotgun' convictions." This purpose does not rationally seem to run afoul of the reasonable underlying purpose of R. C. 2923.13, which is to protect the general public from those individual "bad risks" by penalizing these individuals for carrying, acquiring, having, or using a weapon or dangerous ordnance where they come within the ambit of the statute.

This court's decisions in recent cases construing R. C. 2941.25 may be distinguished from the instant cause. See, *e.g., State* v. *Roberts* (1980), 62 Ohio St. 2d 170; *State* v. *Logan* (1979), 60 Ohio St. 2d 126; *State* v. *Frazier* (1979), 58 Ohio St. 2d 253; and *State* v. *Baer* (1981), 67 Ohio St. 2d 220. In these cases, this court was dealing with alleged "allied offenses of similar import" which involved crimes where the General Assembly did not intend to allow "shotgun convictions"; *i.e.,* that the individual be exposed to increased liability for a single criminal act (unless, of course, those acts are determined to be committed with a separate animus). However, the General Assembly has clearly imposed an additional restriction on individuals who are classified as "under disability"; *i.e.,* they are

not allowed to "acquire, have, carry, or use" any firearm or dangerous ordnance. This restriction is placed on an individual who is convicted of a felony of violence, such as the instant cause. Clearly, this is an added restriction resulting from the prior conviction; as would be a term of probation, parole, etc., which, hopefully, will deter any future criminal conduct by the individual's use of a weapon.

Therefore, we conclude that the crimes involved here of carrying a concealed weapon, R. C. 2923.12, and having weapons while under disability, R. C. 2923.13, are not allied offenses of similar import under R. C. 2941.25(A),* nor under these facts are they offenses committed separately and with a separate animus as to each under R. C. 2941.25(B).

## II.

As to the appellant's second proposition of law claiming that the trial court erred in suppressing the handgun as being the fruit of an unlawful search, we conclude that the trial court properly denied such motion in that, under the circumstances, the arresting officer had the right to search the appellant's automobile and seize the handgun without a warrant. In the first instance, the officer, having stopped this vehicle for the reason that he had viewed certain violations of the motor vehicle laws, and determining that the appellant was driving without a license, had placed appellant under arrest. The existence of a lawful arrest is sufficient to authorize a warrantless search. *Michigan* v. *DeFillippo* (1979), 443 U. S. 31.

Searches, pursuant to a traffic arrest, are justified, if reasonable. *United States* v. *Robinson* (1973), 414 U. S. 218. Ohio also has held a warrantless search of a defendant for weapons after an arrest for a traffic violation to be a valid search. *State* v. *Ferman* (1979), 58 Ohio St. 2d 216.

---

* Pursuant to R. C. 2923.12(D), appellant's conviction for violation of that section was enhanced to a third-degree felony. The applicable enhancing provision was that the concealed weapon was a loaded firearm. Consequently, we are not faced with a case where the defendant is convicted of both crimes, and the carrying concealed weapon sentence is enhanced by the offender's previous conviction for carrying a concealed weapon or an offense of violence. In this latter situation, the elements of each offense could be identical, with the additional element of concealment for carrying a concealed weapon since the enhanced carrying a concealed weapon conviction would require a previous conviction. In this latter case, our result could very well be different. See *Blockburger* v. *United States* (1932), 284 U. S. 299.

More recently, the United States Supreme Court held such a search of an automobile's passenger compartment to be lawful after a traffic arrest. *New York* v. *Belton* (1981),_____ U. S._____, 69 L. Ed. 2d 768.

Here, the officer stopped the appellant for a traffic violation and observed the occupants engaged in certain furtive moves, suggesting that they were attempting to conceal or hide some object in the subject automobile. These movements of the occupants would additionally lead to the logical conclusion by the officer observing such movements that the persons with whom he was dealing may be armed; and that such apprehension would legally authorize the officer to search the appellant and the immediate area within the appellant's reach for weapons which reasonably could be used against the arresting officer. Such a search would be well within the allowance of the holding in *Terry* v. *Ohio* (1968), 392 U. S. 1.

The search in the instant cause was reasonably conducted to guarantee the protection of the arresting officer, and the fact that this search involved a restricted search of the vehicle, rather than the appellant's person, does not make this search unreasonable in scope. Therefore, the search was not unlawful, and the trial court did not err in denying the motion to suppress the evidence adduced from such search.

Based upon all the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

WILLIAM B. BROWN, J., concurring.  I agree with the majority's holding, and the rationale in support thereof, that the offenses of carrying a concealed weapon and having a weapon while under disability are not allied offenses of similar import under R. C. 2941.25(A). In light of this finding, it is my opinion, however, that it is unnecessary for this court to additionally consider whether these crimes can be committed separately and with separate animus under R. C. 2941.25(B).

The language of R. C. 2941.25 is clear and unambiguous. Division (B) of R. C. 2941.25 need only be dealt with if, and

only if, the conduct in question constitutes allied offenses of similar import under division (A) of R. C. 2941.25.

Case law is in accord with this construction of R. C. 2941.25. This court recently stated in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 129, that "[e]ven though there might be a shield initially provided a defendant under R. C. 2941.25(A) where charged with multiple counts, he still must overcome the hurdle of R. C. 2941.25(B). * * * R. C. 2941.25(B) 'carves an exception to division (A) of the same statute * * * .' " (Quoting *State* v. *Frazier* [1979], 58 Ohio St. 2d 253, 255.)

In the case at bar, this court has determined that the crimes involved are not allied offenses of similar import under R. C. 2941.25(A). As such, R. C. 2941.25(A) is not initially providing appellant with a shield. Consequently, and in accordance with *Logan, supra,* there is no need for this court to decide if appellant overcomes the additional hurdle to the application of R. C. 2941.25 as set forth in division (B). Clearly, if the conduct in question does not comport with the operative language in division (A), it is unnecessary for this court to determine whether such conduct falls under the exception to this division.

C. Brown, J., concurs in the foregoing concurring opinion.