35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie JONES, Petitioner-Appellee, Cross-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellant, Cross-Appellee.
 Nos. 93-3589, 93-3625.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1994.
 
 Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment granting habeas corpus relief under 28 U.S.C. Sec. 2254. The district court issued the writ on the ground that the petitioner's prosecution and conviction on a charge of felonious assault, following a mistrial on a factually related charge of aggravated robbery, violated the Double Jeopardy Clause of the Fifth Amendment as interpreted in Grady v. Corbin, 495 U.S. 508 (1990). The petitioner cross-appeals from the district court's denial of other claims raised in the habeas petition. Grady has now been overruled by the Supreme Court, and we shall reverse the district court's judgment insofar as it granted relief on double jeopardy grounds. The denial of the petitioner's other claims will be affirmed.
 
 I.
 
 2
 The petitioner, Lonnie Jones, was convicted of three offenses under Ohio law. The convictions arose out of a chain of events that occurred in Akron, Ohio, on June 15, 1989.
 
 
 3
 The petitioner jumped into a woman's car while she was stopped at a red light and ordered her to drive away from the area. She did so, with the petitioner punching and kicking her as she drove. The petitioner eventually forced the victim into the back seat and took control of the car, driving it to a secluded area. He then ordered the victim to get out of the car. She leaned over the front seat at this point, grabbed her keys, and attempted to run away. The petitioner chased her for a distance and struck her several times in the course of a struggle over the keys. He then threw her to the ground, took the keys, and drove away. He was apprehended after a high speed chase that culminated in a collision which badly damaged the victim's car.
 
 
 4
 An indictment was handed up charging the petitioner with one count of aggravated robbery (a violation of Ohio Rev. Code Sec. 2911.01), one count of kidnapping (a violation of Ohio Rev. Code Sec. 2905.01), and one count of drug abuse (a violation of Ohio Rev. Code Sec. 2925.11). Prior to trial on these charges, the grand jury issued a supplemental indictment charging the petitioner with one count of felonious assault. Because the supplemental indictment came on the eve of trial, the trial court granted a request by the petitioner that the additional count be tried separately at a later date.
 
 
 5
 Following a trial on the original charges, the jury found the petitioner guilty of the drug abuse charge and not guilty of the kidnapping charge. The jury was unable to reach a verdict on the aggravated robbery count, and the court declared a mistrial as to this count.
 
 
 6
 The petitioner was subsequently retried on the aggravated robbery count. The felonious assault charge that had previously been deferred was tried at the same time. The new trial resulted in a verdict of guilty on both counts.
 
 
 7
 The petitioner perfected a timely appeal in which he presented six assignments of error. The only one relevant here involved an assertion that the felonious assault conviction was invalid because felonious assault is a lesser included offense of aggravated robbery. Not persuaded by any of the petitioner's arguments, the state court of appeals affirmed the conviction. The petitioner sought leave to appeal to the Ohio Supreme Court, repeating his contention that he had been convicted of felonious assault improperly. He further asserted that he had not received effective assistance of counsel from his appellate lawyer. The Supreme Court dismissed the appeal for failure to raise a substantial constitutional question.
 
 
 8
 The petitioner then sought a writ of habeas corpus in the United States District Court for the Northern District of Ohio, contending among other things that the felonious assault arose out of the same conduct as the kidnapping charge. That being so, he argued, his acquittal on the kidnapping charge should have precluded a subsequent trial on the felonious assault charge. He also argued that he could not properly be convicted of both aggravated robbery and kidnapping.
 
 
 9
 The case was submitted to a magistrate judge, who recommended that the petition be denied. The magistrate judge found that the petitioner had not presented his double jeopardy claims--at least as phrased in his petition--to any Ohio court. The magistrate judge further found that none of the claims presented in the petition was meritorious in any event.
 
 
 10
 The petitioner filed timely objections, contesting only the conclusions regarding the double jeopardy claims. The district court found the petitioner's "successive prosecution" arguments meritorious and concluded that his failure to present these arguments to the Ohio courts had been excused by ineffective assistance of counsel.
 
 
 11
 The respondent filed a timely notice of appeal from the issuance of the writ, and the petitioner filed a pleading which the district court interpreted as a motion for a certificate of probable cause. The court denied the motion on the ground that the petitioner had failed to object to the portions of the magistrate judge's report dealing with issues other than double jeopardy.
 
 II.
 
 12
 Only the petitioner's double jeopardy claims are properly before us. The other claims were abandoned, as the district court correctly found, and we shall not consider them on the cross-appeal. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991).
 
 III.
 
 13
 The petitioner has an obvious threshold problem insofar as the particular double jeopardy claims advanced here are concerned, because his current theories were never presented to the state courts. He cannot obtain federal habeas relief on these theories unless he can show (1) good cause for his failure to present them in the state courts and (2) prejudice resulting therefrom. Coleman v. Thompson, 501 U.S. 722 (1991). It will be convenient for us to examine the merits of the double jeopardy claims, because the petitioner cannot show "prejudice" if the claims are without merit.
 
 
 14
 A. The Subsequent Felonious Assault Prosecution
 
 
 15
 The district court granted the writ of habeas corpus on the ground that once the petitioner had been tried on the aggravated robbery count (not the kidnapping count, as asserted by the petitioner), he could not thereafter be tried for felonious assault arising out of the same incident. The district court relied upon Grady v. Corbin, 495 U.S. 508 (1990), where the Supreme Court held that the government may not prosecute a defendant on a given charge "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 510. Under the rule of Grady, a subsequent prosecution must satisfy a "same conduct" test, in addition to the traditional "same elements" inquiry of Blockburger v. United States, 284 U.S. 299 (1932).
 
 
 16
 Grady was overruled, subsequent to the district court's decision, in United States v. Dixon, 113 S.Ct. 2849 (1993). Under the rule announced in Dixon, a court is simply to determine whether the legislature intended that the subsequently-prosecuted offense be separately punishable--typically by inquiring whether one of the two charges has elements wholly in common with the other. If the two offenses would have been separately punishable had the two crimes been tried together, Dixon teaches, it is permissible for the state to bring one of the charges in a subsequent prosecution. In order to prevail on the theory accepted by the district court, therefore, the petitioner would have to show that the state could not properly convict him of both aggravated robbery and felonious assault in the same prosecution. This, in our view, is a showing he cannot make.
 
 
 17
 "Whether punishments are 'multiple' under the double jeopardy clause is essentially a question of legislative intent." Banner v. Davis, 886 F.2d 777, 779-80 (6th Cir.1989) (citing Ohio v. Johnson, 467 U.S. 493, 499 (1984); Missouri v. Hunter, 459 U.S. 359.366-68 (1983)). Ohio Rev. Code Sec. 2941.25 sets forth the Ohio legislature's intent with regard to related offenses as follows:
 
 
 18
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 
 
 19
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." Ohio Rev. Code Sec. 2941.25.
 
 
 20
 As we explained in Woodfork v. Russell, No. 92-4301, 1994 U.S.App. LEXIS 3474 (6th Cir. Feb. 24, 1994) (unpublished per curiam):
 
 
 21
 "The Ohio Supreme Court has held that O.R.C. Sec. 2941.25 permits a trial court to convict and impose cumulative sentences for two or more offenses arising from the same criminal transaction if the offenses '(1) were not allied and of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense.' State v. Bickerstaff, 10 Ohio St.3d 62, 66, 461 N.E.2d 892, 895 (1984). See also City of Newark v. Vazirani, 48 Ohio St.3d 81, 549 N.E.2d 520 (1990); State v. Rice, 69 Ohio St.2d 422, 433 N.E.2d 175 (1982).
 
 
 22
 Under Ohio law, offenses are considered 'allied and of a similar import' when they 'correspond to such a degree that commission of the one offense will result in the commission of the other.' Rice, 69 Ohio St.2d at 424, 433 N.E.2d at 177-78. See also State v. Talley, 18 Ohio St.3d 152, 480 N.E.2d 439 (1985). Thus a defendant can be sentenced separately for each offense of which he is convicted, in the view of the Ohio Supreme Court, if the elements of the crimes are not exactly the same and one offense for which a separate sentence is imposed does not amount to a lesser included offense of another."
 
 
 23
 The petitioner in the case at bar was convicted of felonious assault pursuant to Ohio Rev. Code Sec. 2903.11, which provides:
 
 
 24
 "(A) No person shall knowingly:
 
 
 25
 (1) Cause serious physical harm to another; [or]
 
 
 26
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance."
 
 
 27
 The elements of aggravated robbery are set forth in Ohio Rev. Code Sec. 2911.01, which provides as follows:
 
 
 28
 "(A) No person, in attempting or committing a theft offense ... or in fleeing immediately after such attempt or offense, shall do either of the following:
 
 
 29
 (1) Have a deadly weapon or dangerous ordnance ... on or about his person or under his control;
 
 
 30
 (2) Inflict, or attempt to inflict serious physical harm on another."
 
 
 31
 The petitioner argues that because the aggravated robbery charge against him involved the infliction of serious physical harm, felonious assault in this instance is a lesser included offense of aggravated robbery. Perhaps this would be true if the charges had arisen out of a single act by the defendant; the prosecution for felonious assault would be prohibited under Ohio Rev. Code Sec. 2941.25, arguably, because the act of felonious assault would necessarily result from the commission of the aggravated robbery.
 
 
 32
 The Ohio Court of Appeals expressly found, however, that the offenses committed here arose out of several acts and not out of a single act of aggravated robbery. The court of appeals determined that the aggravated robbery was complete when the petitioner forcibly took control of the victim's car. He then committed felonious assault during the altercation with the victim that occurred outside the car as they struggled over the keys. Thus, said the court, he could properly be convicted of both offenses. This conclusion is consistent with several Ohio Supreme Court decisions. See State v. McKinley, 24 Ohio St.3d 208, 494 N.E.2d 1113 (1986); State v. Preston, 23 Ohio St.3d 64, 491 N.E.2d 685 (1986). See also State v. Ferguson, 71 Ohio App.3d 342, 594 N.E.2d 23 (Ohio App.12 Dist.), appeal dismissed, 61 Ohio St.3d 1428, 575 N.E.2d 216 (1991).
 
 
 33
 It is clear from the face of the statutes, moreover, that felonious assault is not a "lesser included offense" of kidnapping. The elements of the crime of kidnapping are codified, in pertinent part, in Ohio Rev. Code Sec. 2905.01:
 
 
 34
 "(A) No person, by force, threat, or deception ... by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
 
 
 35
 * * *
 
 
 36
 * * *
 
 
 37
 (2) To facilitate the commission of any felony or flight thereafter; [or]
 
 
 38
 (3) To terrorize, or to inflict serious physical harm on the victim or another;
 
 
 39
 * * *
 
 
 40
 * * *
 
 
 41
 (B) No person, by force, threat, or deception ... by any means, shall knowingly do any of the following, under circumstances which create a substantial risk of serious physical harm to the victim:
 
 
 42
 (1) Remove another from the place where he is found; [or]
 
 
 43
 (2) Restrain another of his liberty...." Ohio Rev. Code Sec. 2905.01.
 
 
 44
 The petitioner contends here that felonious assault is a lesser included offense of kidnapping because the trial court instructed the jury that to sustain a conviction for kidnapping, "[t]here must be some degree of physical force or threat sufficient to cause fear of some bodily harm and sufficient to overcome the will of [the victim]." The state did not need to prove, however, that serious physical harm to the victim actually resulted; it was required to prove only that the defendant used some force or threat sufficient to cause apprehension of harm. Felonious assault, on the other hand, involves the infliction or attempted infliction of actual physical harm, which is not an element of kidnapping. The crimes are, therefore, offenses of dissimilar import separately punishable under Ohio Rev. Code Sec. 2941.25.
 
 
 45
 Our conclusion is in accord with State v. Blankenship, 38 Ohio St.3d 116, 526 N.E.2d 816 (1988), where the Ohio Supreme Court found that because "the elements [of the two crimes do not] correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault," the crimes were not allied offenses of a similar import. Id. 38 Ohio St.3d at 118, 526 N.E.2d at 818. "A kidnapping may occur without a felonious assault. Likewise," said the court, "a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty." Id. Thus the petitioner could, consistent with the rule set forth in Dixon, be properly charged with felonious assault and kidnapping in successive prosecutions.
 
 
 46
 B. The Aggravated Robbery and Kidnapping Charges
 
 
 47
 The petitioner also argues that the second trial on the aggravated robbery charge violated the Double Jeopardy Clause because aggravated robbery was the "underlying felony" used to support the kidnapping charge. Because he could not be convicted of both kidnapping and aggravated robbery, he says, his retrial on the aggravated robbery charge is prohibited by his acquittal on the kidnapping charge. This argument is without merit. Under the same analysis applied to the petitioner's other double jeopardy claims, it is clear that the Ohio legislature intended that an aggravated robbery and a kidnapping based upon that robbery be separately punishable.
 
 
 48
 In the case before us the state did attempt to prove elements of the kidnapping charge by showing that the defendant removed his victim from the place where he found her and restrained her liberty in order to facilitate the commission of aggravated robbery. It is also true that the trial court instructed the jury that the underlying felony was the aggravated robbery: "A felony involved in this particular case was the crime of aggravated robbery, which I previously defined for you." The fact that aggravated robbery was one "underlying felony" is not dispositive, however. The question is whether the Ohio legislature intended that the kidnapping charge and the "underlying felony" of aggravated robbery constitute separate offenses.
 
 
 49
 The Supreme Court of Ohio, which speaks more authoritatively than we can do on the intent of the Ohio legislature, provided the following test in the syllabus of State v. Logan, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979):
 
 
 50
 "In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:
 
 
 51
 (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 
 
 52
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."
 
 
 53
 The Logan opinion noted that rape and kidnapping seemed to be allied offenses of a similar import because forcible rape, which always involves a restraint of the victim, necessarily results in a kidnapping. Id. 60 Ohio St.2d at 130, 397 N.E.2d at 1349. The court concluded, however, that the defendant possessed a different "animus" as to each offense and could be convicted of both.
 
 
 54
 In the Logan case, the defendant was accused of rape and kidnapping after he abducted a woman, forcing her into an alley and down a flight of steps, and then raped her. The court reasoned that although a defendant could not be convicted of both rape and kidnapping when he commits a "standstill" rape, a more prolonged abduction prior to the commission of the rape would establish two separate offenses. Id. 60 Ohio St.2d at 131-32, 397 N.E.2d at 1349-50. The court concluded that the period of time in which the victim was forced into the alley and down a flight of steps was sufficiently prolonged to warrant conviction on both charges. In other words, said the court, the defendant's actions in kidnapping the victim were not "merely incidental" to the rape. Id. 60 Ohio St.2d at 135, 397 N.E.2d at 1351-52.
 
 
 55
 Applying the same reasoning here, we conclude that the alleged kidnapping was not merely incidental to the aggravated robbery; each crime, if committed, would have involved a separate animus. The kidnapping, if proved, would have involved prolonged and substantial restraint of the victim. The prolonged period of time in which this petitioner allegedly kept his victim captive would have had significance beyond mere facilitation of the robbery of the victim's car.
 
 
 56
 We find further guidance in State v. Luff, 85 Ohio App.3d 785, 804-05, 621 N.E.2d 493, 506-07 (Lucas Cty.), appeal dismissed, 67 Ohio St.3d 1464, 619 N.E.2d 698 (1993), cert. denied, 114 S.Ct. 1116 (1994), where the court upheld the defendant's convictions on charges of aggravated murder and kidnapping notwithstanding that the murder was the "underlying felony" that supported the kidnapping charge. The court reasoned that the kidnapping was complete when the defendant had restrained his victims for the purpose of committing their murder. Only after the kidnapping was complete did the aggravated murder occur. The court thus found that the kidnapping was "independent" of the murder. Id., 85 Ohio App.3d at 805, 621 N.E.2d at 507. Mutatis mutandis, the supposed kidnapping of the victim in the instant case would have been complete when the petitioner forced her to drive off. The robbery that followed was an independent act.
 
 IV.
 
 57
 Because the petitioner's double jeopardy claims are without merit, a circumstance that precludes any finding that the petitioner was prejudiced by his procedural default, it is unnecessary for us to reach the ineffective assistance of counsel issue.
 
 
 58
 The judgment of the district court granting habeas relief on double jeopardy grounds is REVERSED, and the case is REMANDED to the district court with instructions to vacate the writ. In all other respects the judgment is AFFIRMED.