OPINION
{¶ 1} Defendant-appellant, Cedric B. Greene, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of carrying a concealed weapon in violation of R.C. 2923.12. Because we conclude R.C. 2923.12 is constitutional pursuant to Ohio Supreme Court authority, we affirm.
 {¶ 2} By indictment filed July 11, 2001, defendant was charged with one count of the fourth-degree felony offense of carrying a concealed weapon, a knife, in violation of R.C. 2923.12. On April 24, 2002, defendant filed a motion to dismiss the charge, asserting the statute is unconstitutionally vague and indefinite and violates Section4, Article I, Ohio Constitution and the Second Amendment to the United States Constitution. On August 19, 2002, defendant entered a plea of no contest to the stipulated lesser included first-degree misdemeanor offense of carrying a concealed weapon. After denying defendant's motion to dismiss on October 15, 2002 and finding defendant guilty, the trial court, on November 6, 2002, sentenced defendant to six months incarceration. Defendant timely appeals, assigning five errors:
 {¶ 3} "I. The Constitutional right to bear arms for defense and security is an individual, not a `collective' right.
 {¶ 4} "II. In our social context, the right to bear arms for defense and security cannot be enjoyed apart from the right to carry a concealed weapon.
 {¶ 5} "III. Arnold's `reasonableness test' is neither appropriately applied to the fundamental right context nor functional in any other, and should [sic] abandoned.
 {¶ 6} "IV. Even under Arnold's reasonableness standard, the bases offered in support of the reasonableness of the statute are specious and do not justify the infringement of the individual's fundamental right to bear arms.
 {¶ 7} "V. The statute's affirmative defenses make the concealed carry prohibition unconstitutionally vague."
 {¶ 8} Defendant's five assignments of error resolve to the assertion that R.C. 2923.12, the Ohio statute that prohibits carrying a concealed weapon, is unconstitutional under the Ohio and United States Constitutions.
 {¶ 9} Lawfully enacted legislation enjoys a strong presumption of constitutionality and will not be invalidated unless a challenger to the legislation establishes it is unconstitutional beyond a reasonable doubt. Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38-39; State v. Weitbrecht (1999), 86 Ohio St.3d 368, 370. Because defendant presents a facial challenge to R.C. 2923.12's constitutionality, he "must establish that no set of circumstances exists under which the act would be valid." State v. Coleman (1997), 124 Ohio App.3d 78, 80, citing United States v. Salerno (1987), 481 U.S. 739, 749, 107 S.Ct. 2095, 2102-2103.
 {¶ 10} We first examine defendant's contention that R.C. 2923.12
violates the Second Amendment to the United States Constitution, which provides:
 {¶ 11} "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."
 {¶ 12} Initially, we note the United States Constitution, where applicable to the states, provides individuals or groups a minimum level of protection of individual rights and civil liberties that states may exceed but not abrogate. Arnold at 41-42. In Arnold, the Ohio Supreme Court observed the Second Amendment is applicable to the federal government but has not yet been held applicable to the states. Id. at 41. Even if we assume for purposes of our analysis that the amendment applies here, we conclude, as follows, that defendant has not shown R.C.2923.12 violates the Second Amendment.
 {¶ 13} Under the prevailing view, the Second Amendment does not guarantee an individual a fundamental or absolute right to keep and bear arms. Arnold at 39, 41; E. Cleveland v. Scales (1983), 10 Ohio App.3d 25,28-29. Rather, the right which the Second Amendment seeks to protect is a "collective" right to the maintenance of a well-regulated militia, as opposed to an "individual" right to bear arms. Arnold at 41, and cases cited therein; Mosher v. Dayton (1976), 48 Ohio St.2d 243, 248. Because defendant contends R.C. 2923.12 denies a fundamental "individual" right to bear arms, a right the Second Amendment does not protect, and does not contend the statute infringes upon the preservation of a militia, theSecond Amendment would not be violated even if defendant's assertion is true. See Mosher, citing United States v. Miller (1939), 307 U.S. 174,59 S.Ct. 816 (noting the Second Amendment is not violated by a state weapons regulation unless the regulation infringes upon the maintenance of a well-regulated militia). Accordingly, defendant's assertion that R.C.2923.12 violates the Second Amendment to the United States Constitution is not well-taken.
 {¶ 14} We next examine the constitutionality of R.C. 2923.12
under Section 4, Article I, Ohio Constitution, which provides for the right to bear arms as follows:
 {¶ 15} "The people have the right to bear arms for their defense and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be kept up; and the military shall be in strict subordination to the civil power."
 {¶ 16} In contrast to the federal Constitution, the Ohio Constitution confers to every person a fundamental individual right to bear arms for the defense of themselves and their property. Arnold at 43. The right, however, is not absolute or unlimited, but instead "is subject to reasonable regulation." Id. at paragraph two of the syllabus. Thus, "the test is one of reasonableness" for legislation that places restrictions on the right to bear arms. Id. at 47.
 {¶ 17} Defendant contends that although in Arnold the Ohio Supreme Court correctly construed Section 4, Article I, Ohio Constitution as securing to every person a fundamental individual right to bear arms for personal security and defense, the court erred in ruling the fundamental right may be limited by restrictions that meet a reasonableness, rather than a strict scrutiny, standard. Defendant urges this court to overrule Arnold's "reasonableness test" and "in its place outline a test with teeth."
 {¶ 18} We must decline defendant's invitation to overrule Arnold's "reasonableness test." Under the doctrine of stare decisis, we are bound to apply the Ohio Supreme Court's determination on a point of law. Burzynski ex rel. Estate of Halevan v. Bradley Farris Co., L.P.A. (Dec. 31, 2001), Franklin App. No. 01AP-782. Consequently, the "reasonableness test" the Supreme Court pronounced in Arnold, not having been overruled by that court, is controlling upon this court in determining whether R.C. 2923.12 is unconstitutional in limiting a person's right to carry a concealed weapon.
 {¶ 19} In discussing the state's authority to regulate a person's right to bear arms, the Supreme Court in Arnold stated that "[t]his court has established that firearm controls are within the ambit of the police power[,]" under which, the court noted, the state has the authority not only to regulate or limit constitutional guarantees, but also has "the power to prohibit." Arnold at 46-49, citing Mosher at 247-248, and State v. Nieto (1920), 101 Ohio St. 409, 413-415. As the court explained, "there must be some limitation on the right to bear arms to maintain an orderly and safe society while, at the same time, moderating restrictions on the right so as to allow for the practical availability of certain firearms for purposes of hunting, recreational use and protection." Arnold at 48. Applying the reasonableness test, the court held an ordinance prohibiting the possession and sale of a certain class of firearms, but not banning all firearms, is a proper exercise of police power and does not unconstitutionally abrogate an Ohioan's right to bear arms under Section 4, Article I of the Ohio Constitution. Id. at 49.
 {¶ 20} The Ohio Supreme Court previously had observed in Mosher that "[n]either federal nor state law states the right of an individual to bear arms is supreme over the authority of a governmental unit under the police power to regulate * * * arms in a reasonable manner." Id. at 248. In Mosher, the court held that an ordinance requiring persons having or acquiring handguns to possess an identification card was a reasonable exercise of police power and did not deprive individuals of the protection of Section 4, Article I, Ohio Constitution. Id. at 247. In so holding, the court found the ordinance to be less restrictive than the statute at issue in Nieto, commenting:
 {¶ 21} "In State v. Nieto (1920), 101 Ohio St. 409, at page 413 * * * the court found to be constitutional a statute prohibiting the carrying of concealed weapons, stating, that:
 {¶ 22} "`* * * The statute does not operate as a prohibition against carrying weapons, but as a regulation of the manner of carrying them. The gist of the offense is the concealment. The Constitution contains no prohibition against the Legislature making such police regulations as may be necessary for the welfare of the public at large as to the manner in which arms shall be borne.'" Mosher at 247.
 {¶ 23} Although Nieto was decided under the prior carrying concealed weapons statute, see id. at 412 and 416-417, it is still germane and has not been overruled. See State v. Rice (1982),69 Ohio St.2d 422, 427 (determining Nieto is still germane although decided under the prior statute). See, also, Arnold at 47, and Mosher at 247 (citing Nieto with approval). Further, at this point in time, only one appellate decision, Klein v. Leis, 146 Ohio App.3d 526,2002-Ohio-1634, has upheld a challenge to the constitutionality of R.C.2923.12, but the Ohio Supreme Court has stayed that decision,95 Ohio St.3d 1433, 2002-Ohio-1997. The case is currently pending before the Supreme Court, which has not yet ruled.
 {¶ 24} Thus, under the current law in Ohio, a statute prohibiting the carrying of concealed weapons is constitutional as a valid exercise of the state's police power. Nieto at syllabus; State v. Jones, Summit App. No. 21270, 2003-Ohio-1918 (affirming R.C. 2923.12's constitutionality under current law); State v. Ferguson, Union App. No. 14-02-14, 2003-Ohio-866 (finding R.C. 2923.12 constitutionally valid under current law); State v. Mitchell, Lake App. No. 2001-L-042, 2003-Ohio-190 (following Ohio Supreme Court precedent that R.C. 2923.12 is constitutional); State v. Bachtel, Holmes App. No. 99CA011, 2002-Ohio-2528 (upholding the constitutionality of R.C. 2923.12). Because the statute at issue here, like the statute in Nieto, only regulates the manner in which weapons may be carried and does not act as a total prohibition on the carrying of weapons, we follow Ohio Supreme Court precedent and conclude R.C. 2923.12 is constitutional. Accordingly, defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and TYACK, J., concur.