THE STATE OF OHIO, APPELLEE, *v.* WOLFE ET AL., APPELLANTS.

(No. CA 8188—Decided August 11, 1983.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Ted E. Millspaugh,* for appellee.

*Mr. Victor A. Hodge,* for appellants.

KERNS, J. The defendant, Carol J. Wolfe, was indicted on four counts for the forgery of employment verification records and on one count for grand theft, and the defendant, Kenneth Wolfe, was indicted on four counts for uttering the forged employment records and on one count for grand theft. Thereafter, each defendant entered a plea of guilty to grand theft and a plea of no contest to one count of the forgery offenses.

On November 30, 1982, the Wolfes moved to set aside the forgery charges claiming that the forgery offenses and the grand theft offenses were allied offenses of similar import under the provisions of R.C. 2941.25. The motion was overruled by the Court of Common Pleas of Montgomery County, and the denial of the relief sought under the multiple-counts

statute provides the only basis for the present appeal to this court.

The undisputed facts disclose that the employment document was forged by Carol Wolfe and uttered by Kenneth Wolfe for the purpose of obtaining food stamps by deception from the Montgomery County Welfare Department, and the issue thus presented in this appeal is whether a forgery offense committed solely for the purpose of obtaining food stamps and a theft by deception offense which resulted from so obtaining the food stamps are subject to R.C. 2941.25(A).

The issue posed in the case is essentially one of statutory construction (*Maumee* v. *Geiger* [1976], 45 Ohio St. 2d 238 [74 O.O.2d 380]), and the particular language of the applicable statute has been framed as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Since its effective date (January 1, 1974), R.C. 2941.25 has been construed by the Supreme Court of Ohio in conjunction with any number of crimes and with reference to a variety of factual patterns. *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]; *State* v. *Rice* (1982), 69 Ohio St. 2d 422 [23 O.O.3d 374]; *State* v. *Barnes* (1981), 68 Ohio St. 2d 13 [22 O.O.3d 126]; *State* v. *Baer* (1981), 67 Ohio St. 2d 220 [21 O.O.3d 138]; *State* v. *Ware* (1980), 63 Ohio St. 2d 84 [17 O.O.3d 51];

*State* v. *Roberts* (1980), 62 Ohio St. 2d 170 [16 O.O.3d 201]; *State* v. *Price* (1979), 60 Ohio St. 2d 136 [14 O.O.3d 379]; *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373]; *State* v. *Frazier* (1979), 58 Ohio St. 2d 253 [12 O.O.3d 263]; *State* v. *Harris* (1979), 58 Ohio St. 2d 257 [12 O.O.3d 265]; *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242]; *State* v. *Osborne* (1976), 49 Ohio St. 2d 135 [3 O.O.3d 79]; *Maumee* v. *Geiger, supra.*

A perusal of all those cases gives some helpful insight into the nature and purpose of the statute, but most applicable, in our opinion, is the case of *State* v. *Baer, supra,* which bears important characteristics similar to those of the present case. In that case, as in this one, the defendant was motivated by a single animus and acted in pursuance of but one continuous course of conduct. There, as here, the initial offense merely provided the means whereby the criminal intent of the defendant was accomplished. In other words, the forgery and uttering in this case, as the tampering in the *Baer* case, were indispensable to the consummation of the theft, and "[w]here an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, *a priori,* commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime." *State* v. *Logan, supra,* at 131.

In *State* v. *Baer,* the Supreme Court recognized that tampering with a coin machine and theft were separate and distinguishable offenses, but nevertheless held that when the tampering with a purpose to commit theft was consummated by the theft, the violations constituted allied offenses of similar import under R.C. 2941.25(A). Likewise, in the instant case, the elements of the crimes do not overlap, but the theft by deception was necessarily dependent upon evidence showing that the forgery was an integral part of the single transaction, and the two

offenses, when taken together under such circumstances, were also allied offenses of similar import.

Noticeably absent from the appellee's brief is any mention of the *Baer* case, and without any assistance, we have been unable, as a matter of substance, to reconcile the conclusion in that case with the conclusion of the court of common pleas. Furthermore, any lingering doubts as to our interpretation of the applicable statute must give way to the fundamental rule which requires that criminal enactments be construed in favor of the defense. Accordingly, the concurrent sentence of Carol Wolfe for forgery and the concurrent sentence of Kenneth Wolfe for uttering will be set aside, but as so modified, the judgments and sentences of each of them for grand theft by deception will be affirmed.

*Judgment accordingly.*

WILSON and WEBER, JJ., concur.