## State v. Crown
*[Cite as 7 AOA 167]*

*Case No. 90-CA-14*
*Knox County, (5th)*
*Decided October 25, 1990*

James M. Ronk, Knox County Prosecutor and John W. Baker, Assistant Prosecutor, 114 East Chestnut Street, Mount Vernon, Ohio 43050, for Plaintiff-Appellee.

James A. Giles, 202 South Gay Street, Mount Vernon, Ohio 43050, for Defendant-Appellant.

SMART, J.

This is an appeal from the judgment of the Court of Common Pleas of Knox County, Ohio, that convicted and sentenced defendant-appellant, James R. Crown (appellant), for violation of R.C. 2913.02(A) (3), grand theft by deception, and for violation of 2 counts of R.C. 2913.31(A) (3), forgery, after a jury found him guilty of each.

In early 1984, appellant was an employee Cooper Energy Services (CES), a corporation with its home office in Houston, Texas, and with a plant in Mount Vernon, Knox County, Ohio. CES manufactured, sold, and serviced equipment for the production and transmission of oil and gas. CES was involved in an operation in Kuwait and Dubai, under the name of Gas and Oil Services Company (GOSCO). GOSCO was a wholly owned subsidiary of Cooper Bessemer - SA, a Swiss corporation, which in turn was a wholly-owned subsidiary of CES.

Appellant was the operations manager of GOSCO, although he was paid by CES and supervised by its manager of operations. His supervisor was based in Mount Vernon, Ohio, while appellant operated out of Kuwait and Dubai. Also in Kuwait and Dubai, GOSCO had finance managers who would compile financial reports and forward them to Mount Vernon, Ohio. Appellant had the authority to spend CES money on those things that he deemed necessary in the field. However, at some point the authorities in Mount Vernon determined that the expenses in Dubai and Kuwait were exceeding their expectations, and they investigated.

GOSCO had a bank account in Kuwait. Apparently the Kuwait bank retained the origi-nals of the checks written against the account, and for this reason GOSCO utilized a check system with carbons which they retained for their own records. When GOSCO's finance manager compiled his monthly report of expenditures, he would forward the summary with the carbons of the original checks, as well as the bank reports.

When CES investigated, it found discrepancies in three checks signed by appellant. In each case, the carbon of the check that was returned to Mount Vernon, Ohio, showed that the payee was a shipping company which had purportedly done certain work for GOSCO.

The original checks, when secured from the National Bank of Kuwait, were actually made out either to appellant or to cash. The State alleged that appellant had obtained money from GOSCO's account for himself, and had forged receipts and other paperwork in order to make it to look as though the checks were written for a legitimate business purpose. At trial, appellant's supervisor testified that appellant was not authorized to make checks out to himself.

Appellant assigns five errors to the trial court:

"I. THE COURT ERRED BY NOT TRYING ALL THREE COUNTS OF THE INDICT-. MENT AS A SINGLE OFFENSE AS IS MANDATED BY REVISED CODE SECTION 2913.61(C).

"II. THE COURT ERRED IN OVERRULING THE DEFENSE'S MOTIONS FOR VERDICTS OF ACQUITTAL BASED ON LACK OF SUBJECT MATTER JURISDICTION.

"III. THE COURT ERRED IN OVERRULING THE DEFENSE'S MOTIONS FOR VERDICT OF ACQUITTAL BASED ON LACK OF VENUE.

"IV. THE COURT ERRED IN GIVING A JURY INSTRUCTION ON COMPLICITY, SECTION 2923.03 (A) (2).

"V. THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO ALL THREE COUNTS OF THE INDICTMENT."

## I

R.C. 2913.61(C) states in pertinent part:

"(C) When a series of offenses under section 2913.02 of the Revised Code is committed by the offender in his same employment, capacity, or relationship to another, all such offenses shall be tried as a single offense, and the value of the property or services involved for the purpose of determining the value as required by division (A) of this section, is the aggregate value of all property and services involved in all offenses in the series. In prosecuting a single offense under this division, it is not necessary to separately allege and prove each offense in the series. It is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses in his same employment, capacity, or relationship to another."

Appellant urges that all three of the alleged offenses arose from the same employment capacity and were essentially a series of three similar acts, i.e. making out checks payable to himself or to cash, and then concealing his act by means of phoney reports or invoices. He maintains that all three incidents, which occurred apparently over approximately a one month time frame, should have been tried as a single offense.

The State replies that there are three separate offenses, only one of which, the charge of theft by deception, was a violation of R.C. 2913.02. The other offenses were forgeries in violation of R.C. 2913.31. For this reason, the State concludes that R.C. 2913.61 does not apply, and that appellant was properly convicted and sentenced on all three counts.

In the case of *State v. Wolfe* (1983), 10 Ohio App. 3d 324, the Court of Appeals from Montgomery County examined a situation where a husband and wife forged employment records for the purpose of obtaining food stamps to which they were not actually entitled. The Court of Appeals held:

"Where a theft by deception offense was necessarily dependent upon evidence showing that a forgery offense was an integral part of the single transaction, the two offenses, when taken together under such circumstances, were 'allied offenses of similar import,' under R.C. 2941.25(A), for which the defendant could be convicted of only one." Syllabus by the court.

The *Wolfe* court cited the Supreme Court case of *State v. Baer* (1981), 67 Ohio St. 2d 13, wherein the accused was convicted of tampering with a coin machine, and theft of the coins that were in the machine. The court held that although the two offenses were separate, the tampering with the machine with purpose to commit a theft was consummated when the theft occurred, and therefore the violations were allied offenses of similar import.

In the case of *State v. Rice* (1982), 69 Ohio St. 2d 422, the Supreme Court distinguished *Baer* in that *Baer* dealt with crimes:

"... where the General Assembly did not intend to allow shotgun convictions; i.e., that the individual be exposed to increased liability for a single criminal act (unless, of course, those acts are determined to be committed with a separate animus)." *Rice*, at 427.

It appears to us that here, the General Assembly did not intend for appellant to be exposed to increased liability for a series of acts that arose out of his employment, but rather it intended to make it a single offense.

We also note that part of the State's argument in numbers two and three *infra* make use of the argument that the theft offenses were part of a continuing course of conduct. The State should not be able to use that argument against appellant when arguing jurisdiction and venue, but attempt to rebut the argument when appellant turns it to his advantage here.

As did the *Wolfe* court at page 326, we give as further rationale for our decision the maxim that criminal statutes must be construed in favor of the accused.

On the authority of *Baer, supra*, we find that the forgery, while it was a separate offense, was nevertheless the act that completed the element of deception in the theft offense here. For this reason, the offenses are allied offenses of similar import, and appellant should not have been sentenced consecutively for each count, pursuant to R.C. 2913.61 and 2941.25.

The first assignment of error is sustained.

## II

In the second assignment of error, appellant urges that the Knox County Common Pleas Court lacked subject-matter jurisdiction over this action. Appellant asserts that at all times pertinent here, he was in Dubai or Kuwait, never in Knox County, Ohio.

R.C. 2901.11 provides that a person is subject to prosecution for an offense under the laws of the State of Ohio if any of the elements of the offense take place in the state, or if he

conspires or attempts to commit an offense within the state, or if he is guilty of complicity to commit a crime in the state.

Appellant suggested even assuming that he did all the State contends that he did, the deception and forgeries were perpetrated upon the financial manager, Farooq Kahn, who worked for a Swiss based company. Kahn was the party responsible for compiling and forwarding the information to appellant's superiors in Knox County. Appellant maintains that he never deceived anyone in Knox County.

We find the appellant placed false information into the flow of paperwork. That false information ultimately arrived in Knox County, Ohio, as appellant apparently knew it would, and deceived those persons in authority over appellant. This constitutes deceit, an element of the crime charged, which occurred in Knox County, Ohio, giving the trial court jurisdiction over this conduct. The second assignment of error is overruled.

### III

Appellant next challenges Knox County as the proper venue for his trial pursuant to R.C. 2901.12. His arguments are substantially similar to the ones in two *supra*, and fail for the same reasons.

The third assignment of error is overruled.

### IV

In appellant's fourth assignment of error, he asserts that the trial court erred in charging the jury regarding the law of complicity, because he maintains that there was no evidence presented at trial that would support a jury finding that he was guilty of that act.

The State replies that there was evidence Farooq Kahn had absconded at about the same time that more than $300,000 had disappeared from GOSCO. Appellant testified that Kahn prepared the checks in question and assisted appellant in assembling the information contained in the financial reports to Knox County. Some of that information was false.

We agree with the State that there was evidence presented at trial that would have warranted a finding by the jury that appellant was guilty of complicity with Farooq Kahn to commit this theft.

The fourth assignment of error is overruled.

### V

Finally, appellant urges that the jury's verdict was against the manifest weight of the evidence. The issues of jurisdiction and venue,

as well as guilt or innocence were all presented to the jury. Appellant reasserts his arguments in two and three *supra* regarding the jurisdiction and venue. We reject those for the reasons stated above.

Regarding the convictions for theft and forgery, we have examined the record and find substantial evidence upon which the jury could reasonably conclude that ill of the elements of the theft offense were proven beyond a reasonable doubt. *State v. Brown* (1988), 38 Ohio St. 3d 602.

The fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed insofar as the conviction, but is vacated regarding the sentencing, and the cause is remanded to that court for resentencing in accord with applicable law and not inconsistent with this opinion.

PUTMAN, P.J., and GWIN, J., concur.