OPINION
Defendant, Isabella D. Kuhlen, appeals from a judgment of the Franklin County Court of Common Pleas convicting her of grand theft and forgery. On appeal, defendant asserts a single assignment of error, as follows:
 The trial court erred and violated R.C. 2941.25 by entering conviction for both theft and forgery where the crimes were allied offenses of similar import.
On January 22, 1997, defendant was indicted on one count of grand theft in violation of R.C. 2913.02 and eight counts of forgery in violation of R.C. 2913.31. Defendant entered a plea of not guilty at her arraignment, but subsequently entered a plea of guilty to one count of theft and two counts of forgery. The state requested that the trial court enter a nolle prosequi to the other six forgery counts.
Prior to sentencing, the trial court considered defendant's argument that the counts of forgery should be merged with the count pertaining to grand theft. Ultimately, the trial court ruled that the offenses to which defendant pled guilty were not allied offenses of similar import. Defendant was sentenced to a two-year term of imprisonment on the theft count and a one-year term of imprisonment on each of the forgery counts. The trial court ordered the sentences to run consecutively to each other. The court also ordered defendant to pay $2,500 in restitution.
By her sole assignment of error, defendant contends the trial court erred by entering judgments of conviction for both grand theft and forgery because under the facts and circumstances of the case, the crimes were allied offenses of similar import.
R.C. 2941.25 governs allied offenses of similar import and provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Until recently, the test used by Ohio courts to determine whether two or more offenses constitute allied offenses of similar import under R.C. 2941.25 was that articulated by the Supreme Court of Ohio in State v. Blankenship (1988), 38 Ohio St.3d 116:
 * * * In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. [Emphasis sic., id. at 117.]
In the past, the Supreme Court has applied the first step of the two-tiered Blankenship test in two different ways. For instance, in Newark v. Vazirani (1990), 48 Ohio St.3d 81, the court compared the elements of the offenses by reference to the particular facts alleged in the indictment. Id. at 83. By contrast, in State v. Richey (1992), 64 Ohio St.3d 353, the court compared the statutory elements of the offenses in the abstract.Id. at 369. Recognizing the inconsistencies in these two different approaches, the court, in State v. Rance (1999),85 Ohio St.3d 632, recently reconsidered "whether the court should contrast the statutory elements in the abstract or consider the particular facts of the case." Id. at 636. In resolving this issue, the court held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. (Newark v.Vazirani [1990], 48 Ohio St.3d 81, 549 N.E.2d 520, overruled.)" (Emphasis sic.) Id. at paragraph one of the syllabus. Thus, the court held that, when determining whether two or more offenses are allied offenses of similar import:
 * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." * * * And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Rance, supra,
at 638-639.
Accordingly, under Rance, this court must compare the elements of grand theft and forgery in the abstract.
R.C. 2913.31, which sets forth the elements of forgery, provides, in pertinent part, as follows:
 (A) No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:
* * *
 (2) Forge any writing so that it purports to be genuine when it is actually spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what was in fact the case, or to be a copy of an original when no such original existed;
 (3) Utter, or possess with purpose to utter, any writing which he knows to have been forged.
The elements of theft[1] are set forth in R.C.2913.02 in pertinent part, as follows:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
* * *
(3) By deception[.]
Upon abstract review of the statutory elements of the two offenses, it is clear that the commission of one does not necessarily result in the commission of the other. Each contains an element that the other does not. Forgery involves the creation of a spurious writing with the purpose to defraud. Grand theft involves obtaining or exerting control over property with the purpose of depriving the owner of the property without the owner's consent. Forgery does not involve exerting control over property without the consent of the owner, and grand theft does not involve a fraudulent writing.
Other courts which have undertaken an examination of the elements of theft and forgery in the abstract, as directed byRance, have found that the two offenses are not allied offenses of similar import. See, e.g., State v. Hunter (1983), 12 Ohio App.3d 75; State v. Wilson (1996), 113 Ohio App.3d 737; State v.Dixon (Dec. 26, 1985), Cuyahoga App. No. 50327, unreported; Statev. Carter (June 18, 1987), Cuyahoga App. No. 52158, unreported;State v. Tolbert (Apr. 3, 1991), Summit App. No. 14771, nreported; State v. Pollard (Feb. 13, 1992), Cuyahoga App. No. 62296, unreported; State v. Van Johnson (Mar. 31, 1993), Montgomery App. No. 13152, unreported; State v. Barber (June 2, 1994), Cuyahoga App. No. 65262, unreported; State v. Tanner (June 28, 1996), Marion App. No. 9-96-8, unreported; State v. Crowell
(June 14, 1999), Preble App. No. CA98-10-019, unreported; andState v. Marvin (June 23, 1999), Union App. No. 14-98-54, unreported.
Defendant cites two cases from the Second District Court of Appeals, State v. Wolfe (1983), 10 Ohio App.3d 324, and Statev. Sproat (Jan. 27, 1995), Montgomery App. No. 14472, unreported, for the proposition that grand theft and forgery are allied offenses of similar import. In both those cases, however, the comparison of the elements of the two crimes was based upon reference to the particular facts underlying the offenses. InWolfe, the court specifically stated that: "* * * the elements of the crimes do not overlap, but the theft by deception was necessarily dependent upon evidence showing that the forgery was an integral part of the single transaction, and the two offenses, when taken together under such circumstances, were also allied offenses of similar import." Id. at 325. Similarly, in Sproat,
the court specifically stated that the elements of the two offenses "should not be viewed abstractly, but should be viewed with reference to the facts of the particular case." Id. In light of the Rance court's disapproval of such a fact-based analysis, we find both Wolfe and Sproat unpersuasive.
Having compared the statutory elements of grand theft and forgery in the abstract, as directed by Rance, supra, and having determined that those elements do not "correspond to such a degree that the commission of one crime will result in the commission of the other," id. at 638, we conclude that grand theft and forgery are not allied offenses of similar import. Accordingly, defendant may be convicted of both, and the separate sentence for each offense does not violate R.C. 2941.25. Accordingly, the assignment of error is overruled.
Having overruled defendant's assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KENNEDY and DESHLER, JJ., concur.
[1] At the time defendant committed the theft for which she was convicted, a finding that a defendant had previously been convicted of two or more theft offenses elevated the theft to grand theft, a felony of the third degree. Defendant pled guilty to count one of the indictment, which alleged that she had previously been convicted of two or more theft offenses. Accordingly, defendant was convicted of grand theft.