[Cite as *State v. Smith*, 2014-Ohio-5076.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


STATE OF OHIO,                          :          **O P I N I O N**

          Plaintiff-Appellee,          :

          - vs -                          :          **CASE NO. 2014-G-3185**

JEFFREY M. SMITH,                          :

          Defendant-Appellant.          :


Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 10 C 000179.

Judgment: Affirmed.


*James R. Flaiz,* Geauga County Prosecutor, and *Christopher J. Joyce,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Sean C. Buchanan,* Slater & Zurz LLP, One Cascade Plaza, Suite 2210, Akron, OH 44308 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jeffrey M. Smith, appeals his conviction and sentence for Theft and Forgery in the Geauga County Court of Common Pleas. The issues before this court are: whether a defendant is entitled to credit for jail-time served after his arrest and the revocation of his bond; whether Theft by deception and Forgery based on the manufacture of spurious documents should merge; and whether the H.B. 86 amendments to the Theft statute applied retroactively where the offender pled guilty

to fifth-degree felony Theft. For the following reasons, we affirm the decision of the court below.

{¶2} On December 28, 2010, the Geauga County Grand Jury handed down an Indictment, charging Smith with the following crimes: Passing Bad Checks (Count 1), a felony of the fifth degree in violation of R.C. 2913.11(B); Theft (Count 2), a felony of the fifth degree in violation of R.C. 2913.02(A)(3); and Forgery (Count 3), a felony of the fifth degree in violation of R.C. 2913.31(A)(2).

{¶3} On January 21, 2011, Smith waived his right to be present at arraignment and entered a plea of "not guilty" to all charges. The trial court ordered Smith to post a personal recognizance bond and set a trial date for April 26, 2011.

{¶4} On March 3, 2011, the trial court revoked bond after Smith failed to appear for a pre-trial and issued a capias for his arrest.

{¶5} On February 6, 2013, Smith, then incarcerated at Ross Correctional Institution for charges arising in Cuyahoga County and Lake County, filed an Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints.

{¶6} On October 28, 2013, Smith entered a written Plea Agreement to Theft (Count 2) and Forgery (Count 3).

{¶7} On January 13, 2014, a sentencing hearing was held. The trial court ordered Smith to serve eight-month prison sentences for Theft and Forgery, "to be served consecutive with each other and consecutive to the prison term the defendant is currently serving." The court ordered Smith to pay restitution to Huntington Bank in the amount of $2,955.00 and to Chase Bank in the amount of $250.00. The court advised

Smith of post release control. With the court's leave, the State dismissed Count 1 of the Indictment pursuant to Criminal Rule 48(A).

{¶8}   On January 15, 2014, Smith's sentence was memorialized in a Judgment of Conviction.

{¶9}   On February 13, 2014, Smith filed a Notice of Appeal. On appeal Smith raises the following assignments of error:

{¶10}  "[1.] The court erred by not awarding jail time defendant served * * * after he was arrested and the bond in this case was revoked."

{¶11}  "[2.] The court erred by finding that forgery and theft in counts 2 and 3 did not merge."

{¶12}  "[3.] The court erred by sentencing Mr. Smith under the pre H.B. 86 theft threshold based on an erroneous bill of particulars."

{¶13} In his first assignment of error, Smith argues the trial court erred in its determination that he was not entitled to any credit for time served prior to his January 13, 2014 sentencing. Specifically, Smith claims he is entitled to jail-time credit beginning with the filing of his notice of availability on February 6, 2013.

{¶14} Pursuant to R.C. 2967.191, a prisoner's stated prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." *Also* R.C. 2929.19(B)(2)(g)(i) (the sentencing court shall "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of

rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code"); *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7 ("[a]lthough the APA has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence").

{¶15} We review the trial court's determination as to the amount of credit to which Smith is entitled under the "clearly and convincingly" contrary to law standard. R.C. 2953.08(G)(2); *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26 ("when reviewing felony sentences * * *, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law"); *State v. Fuller*, 3rd Dist. Henry No. 7-13-06, 2013-Ohio-5661, ¶ 17; *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 8.

{¶16} Smith's contention that he was entitled to jail-time credit upon the filing of his notice of availability, at which point he was awaiting trial for the present charges, is refuted by this court's decision in *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417. In *Struble*, this court recognized that "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *Id.* at ¶ 11. In other words, "R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense," and "there is no jail-time credit for time served on unrelated

4

offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *Id.*

{¶17} Smith counters that *Struble* is distinguishable because the offender therein was out on a personal recognizance bond that "was never changed when he was sent to prison [for the unrelated offenses]," whereas he "was held in lieu of bond awaiting trial." Appellant's brief at 5. This distinction is immaterial. In the case of *State v. Smith*, 71 Ohio App.3d 302, 593 N.E.2d 402 (10th Dist.1992), relied upon by this court in *Struble*, the offender, like Smith in the present case, had been released on his own recognizance. When he failed to appear for trial, bond was revoked and a capias issued. *Id.* at 303. Upon his arrest, the offender began to receive jail-time credit. While awaiting trial, the offender was sentenced to a term of incarceration for unrelated charges. At this point, the offender ceased to receive jail-time credit, although still awaiting trial. The court affirmed that "R.C. 2967.191 * * * does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." *Id.* at 304; *State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 14 ("because Smiley was serving a prison sentence for a previous case when he was held in Cuyahoga County jail, he could not have posted bond and been released while awaiting the disposition of the new case," and, "[t]herefore, the trial court's refusal to give jail-time credit did not offend the notion of equal protection, which, as the *Fugate* court explained, is the overall objective of jail-time credit").

{¶18} Finally, Smith's contention that he should receive jail-time credit in the present case for time served in another case would essentially reward him for

5

committing multiple crimes: "R.C. 2967.191 does not allow a convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraw[s]' as needed for pending felony offenses." *State v. Barnett*, 7th Dist. Mahoning No. 13 MA 123, 2014-Ohio-3686, ¶ 13 (cases cited).

**{¶19}** The first assignment of error is without merit.

**{¶20}** Under the second assignment of error, Smith maintains the trial court erred by not merging his convictions for Theft and Forgery.

**{¶21}** Ohio's multiple counts statute or allied offenses of similar import statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29 ("[w]hen the plea agreement is silent on the issue of allied offenses of similar import * * * the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense").

**{¶22}** The Ohio Supreme Court has described the application of R.C. 2941.25 as follows:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct * * *. If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * * If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

(Citation omitted.) *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50.

**{¶23}** "An appellate court should apply a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination." *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶24}** Smith was convicted of Theft in violation of R.C. 2913.02(A)(3), in the language of the Indictment: "with purpose to deprive the owner of property or service, [Smith] did knowingly obtain and exert control over either the property or services by deception." Smith was convicted of Forgery in violation of R.C. 2913.31(A)(2), in the language of the Indictment: with "purpose to defraud, * * * [Smith] did forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another

7

who did not authorize that act, or to be a copy of an original when no such original existed."

{¶25} At sentencing, the State argued that the acts of depriving (Theft) and forging (Forgery) were distinct:

> [W]hat happened in this case, Mr. Smith actually took routing and account numbers, manufactured checks on a computer program, and then he went and cashed those checks and received money for them. * * * [T]o me, they are distinct and separate crimes. Yes, he used the forged check to commit the theft. But the manufacturing of the check in and of itself was a completely separate, distinct crime from stealing the money.

{¶26} Smith contends that, in the present case, "the theft required forgery" and so constituted one act. Appellant's brief at 7. We disagree. The Theft and Forgery may have been part of a single course of conduct, but a single course of conduct may entail multiple criminal acts. Here, the Theft consisted of obtaining another's property, whereas the Forgery consisted of fabricating or creating spurious documents. R.C. 2913.01(G). The act of creating spurious checks is distinct from the act of using those checks to obtain another's property. The offense of Forgery by the fabrication or creation of spurious writings is not allied with the offense of Theft by deception, i.e., they do not correspond to such a degree that the commission of the one offense constitutes the commission of the other. *Compare State v. Rhodehamel*, 10th Dist. Franklin Nos. 11AP-96 and 11AP-97, 2011-Ohio-5618, ¶ 45.

8

{¶27} The *State v. Taylor*, 4th Dist. Hocking No. 12CA10, 2013-Ohio-472, case relied upon by Smith is distinguishable in that it involved Forgery, under R.C. 2913.31(A)(3), by uttering a writing known to have been forged. R.C. 2913.01(H) ("'[u]tter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display"). In *Taylor*, the "appellant * * * presented the check at the bank and received, in return, three hundred dollars of the victim's money." *Id.* at ¶ 13. The court of appeals noted that "[t]he passing (or 'uttering') of the check [wa]s the forgery offense and his receipt of money was the theft offense," so that "these two offenses occurred simultaneously, as a result of the same conduct, and arose from the same animus." *Id.*

{¶28} The *State v. Haney*, 11th Dist. Lake No. 2012-L-098, 2013-Ohio-2823, case cited by Smith did not involve Forgery, but rather Fraud and Theft, and so is distinguishable. The *State v. Wolfe*, 10 Ohio App.3d 324, 462 N.E.2d 455 (2nd Dist.1983), case was decided pre-*Johnson* and is no longer good law.

{¶29} The second assignment of error is without merit.

{¶30} In his third assignment of error, Smith argues that the trial court erred by sentencing him for fifth-degree felony Theft.

{¶31} At the time of Smith's indictment in 2010, Theft was a fifth degree felony if the value of the property or services stolen was five hundred dollars or more but less than five thousand dollars. Former R.C. 2913.02(B)(2). The Indictment and Bill of Particulars reflect those dollar amounts. "Effective September 30, 2011, the General Assembly enacted H.B. 86, and among other changes to Ohio's sentencing laws, it decreased the classification of theft of property valued at less than $1,000, making the offense a first-degree misdemeanor, which correspondingly reduced the punishment for

9

that offense." *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 6. Accordingly, at the time Smith entered his plea in 2013, Theft was only a fifth-degree felony if the value of the property or services stolen was one thousand dollars or more.

**{¶32}** Smith's position is that he pled "to the indictment as particularized in the bill of particulars," i.e., "he pled to a theft of $500." Appellant's brief at 8.

**{¶33}** Although Smith presents this as a sentencing issue, the actual issue is whether Smith's plea to Theft as a fifth-degree felony was valid. If the plea is valid, there was no impediment to the trial court sentencing Smith accordingly.

**{¶34}** The Ohio Supreme Court has recognized that, when accepting a plea, "the courts of this state have generally held that a detailed recitation of the elements of the charge is not required." (Citation omitted.) *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 57. "In order for a trial court to determine that a defendant is entering a plea with an understanding of the nature of the charge, the court need not advise him of the elements of the crime or specifically ask him if he understands the charge, so long as the totality of the circumstances indicate that the trial court was warranted in deciding that the defendant did understand the charge." *State v. Singh*, 141 Ohio App.3d 137, 141, 750 N.E.2d 598 (11th Dist.2000).

**{¶35}** In the present case, the Plea Agreement, both written and oral, was that Smith plead to fifth-degree felony Theft. During the plea colloquy, the trial court did not specify a particular value of the property or services stolen. That issue, however, was discussed extensively during the pre-trial hearing preceding the Plea Agreement. The prosecutor raised the issue of the H.B. 86 amendments and requested "that the jury instructions and most importantly the verdict form should maybe branch out the dollar

10

amounts differently so it is clear we are dealing with over a thousand dollars. * * * I could envision a scene where the Court would say because the [amended] law could be applied retroactively, the jury should have made a finding that it was at least a $1,000.00."[1] The prosecutor did not request a charge on misdemeanor Theft, as he was "convinced the evidence would say that [the value of the property or services stolen] would be over $2,000.00." Smith, although representing himself, demonstrated a clear understanding of the issue, its significance, and the prosecutor's concern. Smith observed that "the Prosecutor would like to have that monetary finding * * * for the purposes of * * * the theft and passing bad check [charges]," and then correctly advised the court that, with respect to the Forgery charge, the monetary amount did not matter as there was no misdemeanor-level Forgery.

{¶36} Based on the totality of the circumstances, Smith understood that he was pleading guilty to fifth-degree felony Theft which required the value of the property or services stolen to equal or exceed one thousand dollars.

{¶37} The third assignment of error is without merit.

{¶38} For the foregoing reasons, Smith's convictions and sentence for Theft and Forgery are affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

---

1. In fact, the Ohio Supreme Court, in *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, held that the amended law applied retroactively when the offender had not yet been sentenced. *Id.* at ¶ 19.

("the determining factor on whether the provisions of H.B. 86 apply to an offender is not the date of the commission of the offense but rather whether sentence has been imposed").