[Cite as *State v. Murton*, 2017-Ohio-7949.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0098** |
| RYAN A. MURTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2015 CR 000111.

Judgment: Affirmed in part, reversed in part, and remanded.

*James R. Flaiz,* Geauga County Prosecutor, and *Christopher J. Joyce,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Ryan A. Murton appeals from the judgment of the Geauga County Court of Common Pleas, sentencing him to a total term of ten years imprisonment for numerous crimes of theft and burglary. Mr. Murton contends the trial court failed to give him the appropriate amount of jail time credit. He also contends the trial court improperly gave him consecutive sentences. We affirm his sentences, but reverse and remand for the trial court to enter the proper amount jail time credit due.

{¶2}    Commencing in December 2012, a series of thefts from cars, houses, and garages in Geauga County commenced.  They continued until the beginning of 2015. Jewelry, cash, credit cards, electronics, liquor, golf clubs – anything of value – was taken.  Eventually, it transpired these thefts were done by a juvenile gang organized by Mr. Murton.  R.S. was Mr. Murton's girlfriend.  She told police Mr. Murton would sometimes melt down the jewelry, and take the gold to pawn shops, or that he would go to Cleveland and exchange items for drugs (Mr. Murton and R.S. are heroin addicts). She told police he would bury items he could not easily convert to cash or drugs in his family's backyard.  R.S. estimated Mr. Murton had broken into approximately 300 cars during their relationship.  Another youth told police Mr. Murton had broken into approximately 100 homes in Chester Township alone.

{¶3}    June 2, 2015, the Geauga County Grand Jury returned a 15 count indictment against Mr. Murton, including one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); four counts of burglary, in violation of R.C. 2911.12(A)(3); four counts of breaking and entering, in violation of R.C. 2911.13(B); four counts of theft, in violation of R.C. 2913.02(A)(1); one count of theft of drugs, in violation of R.C. 2913.02(A)(1)(B)(6); and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1).  The matter was designated Case No. 15 C 0111.  June 4, 2015, Mr. Murton entered a written plea of not guilty.

{¶4}    At the time of his indictment, Mr. Murton had another case pending in the trial court, for trafficking in heroin, and attempted trafficking in heroin, this being Case No. 15 C 0032.  He was represented by the same defense counsel in each case. Further, at the time he was indicted in Case No. 15 C 0032, Mr. Murton was on

2

probation in two cases – 2015CRB0098 and 2015CRB00100 – from the Chardon Municipal Court. That court revoked his probation in Case No. CRB0098 on or about May 22, 2015, and denied bond, thus placing Mr. Murton in the county jail.

{¶5} August 27, 2015, the trial court sentenced Mr. Murton in Case No. 15 C 0032 to three years community control, including 180 days in jail, and up to six months in NEOCAP. That same day, the Chardon Municipal Court sentenced Mr. Murton to 120 days in jail in Case No. 2015CRB0098, to run consecutive to the jail time imposed by the trial court in Case No. 15 C 0032. Sixty days were suspended, and credit was applied from NEOCAP. Also on August 27, 2015, the Chardon Municipal Court gave Mr. Murton 105 days jail time credit in Case No. 2015CRB 00100, and suspended five days.

{¶6} Evidently, Mr. Murton spent some further time in jail, and then entered NEOCAP, which he successfully completed. He remained under community control sanctions. Apparently in April 2016, he was found to have violated his community control sanctions, due to testing positive for drugs, and seeing his girlfriend R.S. (the trial court had imposed a no contact order). Hearing was held before the trial court April 25, 2016. In relevant part, Mr. Murton pleaded guilty to violating his community control sanctions in Case No. 15 C 0032. The trial court stayed sentencing on this until sentencing in Case No. 15 C 0111. Mr. Murton also pleaded guilty to ten of the 15 counts in that case. The trial court revoked his bond, and returned him to jail pending sentencing.

3

{¶7} Further hearing was held in Case No. 15 C 0111 July 19, 2016. Defense counsel explained Mr. Murton had been accepted into a rehabilitation program at the Salvation Army facility in Akron, Ohio. The state and defense counsel indicated they would jointly recommend that Mr. Murton receive community control sanctions if he completed the program. The trial court granted Mr. Murton a personal recognizance bond. Evidently he spent the evening with his family, who took him to the Salvation Army the next day.

{¶8} September 2, 2016, Mr. Murton's probation officer, Jeremy Graham, received a telephone call that he had been kicked out of the Salvation Army program. This was confirmed by a fax September 6, 2016. Mr. Murton telephoned Mr. Graham September 9, 2016. Mr. Graham told him to surrender to the Geauga County Sheriff. Mr. Murton's personal recognizance bond was revoked, and a warrant issued for his arrest. He did not turn himself in until September 26, 2016.

{¶9} Sentencing hearing went forward September 29, 2016. Mr. Murton had pleaded guilty to four counts of burglary. The trial court sentenced him to four consecutive terms of 18 months for these. Mr. Murton had pleaded guilty to two counts of breaking and entering. The trial court sentenced him to two consecutive terms of 12 months for these, to run consecutive to his burglary sentences. Mr. Murton had pleaded guilty to two counts of theft. The trial court sentenced him to two consecutive terms of 12 months for these, to run concurrent to each other and to his sentences for burglary and breaking and entering. Mr. Murton had pleaded guilty to tampering with evidence. The trial court sentenced him to 24 months for this, to run consecutive to his other sentences. Mr. Murton had pleaded guilty to one count of theft of drugs. The trial court

4

sentenced him to 11 months for this, to run concurrent to his other sentences. The sentences were memorialized in a judgment entry filed October 14, 2016. October 28, 2016, the trial court filed a nunc pro tunc judgment entry. The trial court further sentenced Mr. Murton for his community control violations in Case No. 15 C 0032 at the same hearing, the sentence to run concurrent with that in Case No, 15 C 0111.

{¶10} Mr. Murton noticed appeal November 14, 2016, assigning two errors. The first reads: "The trial court erred, as a matter of law, by failing to give appellant credit for jail time served during the pendency of this matter."

{¶11} At the sentencing hearing, the trial court stated Mr. Murton was due 230 days of jail time credit, based on the calculation in the PSI report. However, in both its judgment entry of conviction, and the subsequent nunc pro tunc judgment entry, the trial court gave him no jail time credit. Mr. Murton asserts he is entitled to the 230 days. The state counters that the PSI report is incorrect, and that some of the 230 days set forth in it are really attributable to Case No. 15 C 0032. In particular, the state asserts that much of the jail time credit calculated in the PSI report in Case 15 C 0111 is actually attributable to the time he spent in NEOCAP in Case No. 15 C 0032. The state calculates that Mr. Murton is only entitled to 85 days of jail time credit in this case.

{¶12} In *State v. Williamson*, 11th Dist. Portage Nos. 2012-P-0011 and 2012-P-0012, 2012-Ohio-5227, ¶19-20, this court held:

{¶13} "When the trial court imposes its sentence, the court must give the defendant credit for all time served, pursuant to R.C. 2967.191. That section provides: 'The department of rehabilitation and correction shall reduce the stated prison term of a prisoner (* * *) by the total number of days that the prisoner was confined for any reason

5

arising out of the offense for which the prisoner was convicted and sentenced (* * *).'

{¶14} "It is the duty of the trial judge to determine the amount of credit to which a prisoner is entitled. *State ex rel. Rankin v. Ohio Adult Parole Auth.,* 98 Ohio St.3d 476, * * *, 2003–Ohio–2061, ¶7. This information must be included in appellant's sentencing entry. *See* R.C. 2949.12; Ohio Adm.Code 5120–2–04(B). Further, since the provisions of R.C. 2967.191 are mandatory, the trial court's failure to properly calculate jail-time credit and to include it in the body of the sentencing order is plain error. *State v. Miller,* 8th Dist. Nos. 84540 and 84916, 2005–Ohio–1300, ¶10." (Parallel citation omitted.)

{¶15} In this case, the trial court failed to give Mr. Murton any jail time credit. The only item in the record which we can use to review the issue is the PSI report. **Mr. Murton**, citing to *State v. Shelly*, 9th Dist. Wayne No. 10CA0032, 2011-Ohio-4301, argues that any defect in the PSI report was waived, when the state failed to object in the trial court, and thus, the 230 days set forth in that report must be accepted. We respectfully note the Ninth District held that plain error in this regard could still be reviewed. *Id.* at ¶29. This court has already determined that failure to properly calculate jail time credit and include it in the judgment entry of sentence is plain error *Williamson*, *supra*, at ¶20.

{¶16} The state is incorrect that the jail time credit set forth in the PSI report in Case No. 15 C 0111 includes any of the time Mr. Murton spent in NEOCAP. The PSI report credits him with jail time from June 3, 2015, until October 20, 2015; April 11, 2016, until July 19, 2016; and September 26, 2016, until the date of sentencing, September 29, 2016. Mr. Murton was in NEOCAP relating to Case No. 15 C 0032 from

6

October 20, 2015, until mid-February, 2016.

{¶17} The state further urges us to rely on our decision in *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076. In that case, Smith was incarcerated on unrelated charges, when he came on for sentencing on theft and forgery in the trial court. *Id.* at ¶5-8. On appeal, Smith claimed he was due jail time credit for his prison time on the unrelated charges. *Id.* at ¶13. We disagreed, noting that his prior jail time was based on events unrelated to his current conviction, and thus, that he was not entitled to jail time credit under R.C. 2967.191. *Id.* at ¶16-19.

{¶18} Rather, this case is controlled by *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856. In that case, Fugate was on community control sanctions for receiving stolen property, when he was convicted of theft and burglary. *Id.* at ¶2-3. His community control was revoked. *Id.* at ¶3. At the sentencing hearing, the trial court gave him concurrent sentences on the theft and burglary, along with a concurrent sentence for the community control violation. *Id.* at ¶3-5. The trial court only applied Fugate's jail time credit to the sentence for the community control violation. *Id.* at ¶3. On appeal, Fugate argued he deserved all of his jail time credit on all of the concurrent sentences. *Id.* at ¶6. The Tenth District disagreed, and affirmed the trial court. *Id.*

{¶19} The Supreme Court of Ohio reversed. In relevant part, it held:

{¶20} "[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result

7

would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* at ¶12.

**{¶21}** In this case, Mr. Murton was being held in both Case No. 15 C 0111, and for his community control violations in Case No. 15 C 0032. He was sentenced on the same day, at the same hearing, in each case, with the terms running concurrently. Thus, pursuant to *Fugate*, Mr. Murton is entitled to the full 230 days jail time credit he demands. On remand, the trial court shall issue a new judgment entry of sentence, giving Mr. Murton 230 days jail time credit.

**{¶22}** The first assignment of error has merit.

**{¶23}** The second assignment of error reads: "The trial court erred by imposing consecutive sentences upon appellant."

**{¶24}** Regarding imposition of consecutive felony sentences, our standard of review is provided by R.C. 2953.08(G)(2), which provides, in pertinent part:

**{¶25}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶26}** "(a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14, * * *;

**{¶27}** "(b) That the sentence is otherwise contrary to law."

**{¶28}** R.C. 2929.14(C)(4) mandates that trial courts, when imposing consecutive sentences on a felon, make certain findings on the record. Failure by a sentencing court to make these findings is "contrary to law," and requires reversal. *See, e.g., State v. Venes,* 8th Dist. Cuyahoga No. 98682, 2013–Ohio–1891, ¶12. The statute provides:

**{¶29}** "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶30}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶31}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶32} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶33} In this case, Mr. Murton does not dispute the trial court made the necessary finding to impose consecutive sentences: admits the trial court recited the statute almost verbatim, both at the sentencing hearing, and in its judgment entries of sentence. Mr. Murton further admits a trial court need not give its reasoning for making the findings. *Venes*, *supra*, at ¶16. However, he notes the trial court did give its reasoning in this case. Essentially, he disputes that his conduct was of a sufficiently serious nature to justify consecutive sentences, R.C. 2929.14(C)(4)(b). We quote defense counsel's speech in mitigation:

{¶34} The trial court: "Okay. Then, Mr. Partlow, anything on behalf of the client?

{¶35} Mr. Partlow: "Yes, very briefly, your Honor.

{¶36} "It is my understanding that the State is going to ask for some sort of unspecified prison term. I would ask your Honor to consider that what we have in this case are a lot of charges, okay. The most serious being F-3's.

{¶37} "Mr. Murton has never previously been in prison, and this really, to me, your Honor, is a drug case, whether it is a drug case or not, it is a drug case. These were all, you know, breaking into cars, breaking into garages, things of that nature to support a drug habit.

{¶38} "I realize that's not an excuse. But it does distinguish it from other types of cases. We all know how difficult these drug cases can be. We read about it in the newspaper every day, that you don't flip a switch and overcome an addition (sic)."

**{¶39}** We further quote the trial court's reasons for imposing consecutive sentences.

**{¶40}** The trial court: "I am so disturbed by the duration and the extent of lawlessness in the criminal behavior on the part of you, Ryan Murton, that I find that it is extraordinary. It is just beyond any measure to take in the lengths that you went to, the efforts that you went to, the variety of criminal affairs you involve yourself in, the burglaries, things on the property, the hiding, the duplicity.

**{¶41}** "I don't know where you got the energy to pull it all off, going Downtown, melting down gold to resell it.

**{¶42}** "And I note, too, for the record, the opportunities that you have had in the past. You have got a juvenile record. The number of cars and residences involved in this case just astounds me.

**{¶43}** "And the fact that you were, you were the guy behind the curtain. The evil genius amongst the juveniles and others who did these dastardly deeds against others, and they are your neighbors. These are people who you break into their car. What, are you kidding, a car is a very personal, it is a personal place. There is a right and expectation of privacy to someone's car. And you broke into houses and you stole things. You took people's property repeatedly over and over.

**{¶44}** "And I know there is drugs in the background. Yeah, I appreciate that. But you were steadfast to a degree that I can't let drugs act as an elixir and wash all that out.

11

{¶45} "So I am really, this is something if you added up all the prison time you could do on this, it would be a figure that would make your head spin.

{¶46} "I don't know if you have done that or not. I think you have had some very competent advice in this case, and you had some opportunities that you have blown.

{¶47} "I know you are still young. But I feel that you need a long time in prison, and I mean long. I am not talking about a year or two, because you are so set in your ways, despite having all the opportunities that you have had to right your ship.

{¶48} "You seem to be extremely resistant to rehabilitation, and you seem authoritarian, defiant. You seem like a very angry person.

{¶49} "So I am going to give you a significant, significant prison term as follows."

{¶50} None of this is clearly or convincingly contrary to law. The trial court had before it the PSI report, indicating Mr. Murton had broken into some 100 homes in Chesterland alone, and that he had stolen items from 300 cars. He corrupted juveniles to run his theft ring. This crime spree went on for more than two years. As the trial court observed, people have an expectation of privacy in their cars, let alone their homes, and Mr. Murton violated this expectation again and again.

{¶51} The second assignment of error lacks merit.

{¶52} The judgment of the Geauga County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.


THOMAS R. WRIGHT, J.

TIMOTHY P. CANNON, J., concurs in part and concurs in judgment only in part with a Concurring Opinion.

12

_____

TIMOTHY P. CANNON, J., concurring in part and concurring in judgment only in part.

{¶53} I concur with the majority regarding the imposition of consecutive sentences.

{¶54} Regarding the jail-time credit issue, I concur in judgment only. At the sentencing hearing, the trial court credited appellant with 230 days for time he had already served in jail. Appellant does not challenge the calculation of 230 days; he challenges the fact that the 230 days was omitted from the sentencing entry. In its brief, the state of Ohio argues the 230 day calculation was incorrect, but it does not raise this issue as a cross-assignment of error. At oral argument, the state conceded 230 days was appropriate. As a result, the analysis in the majority opinion regarding the application of *Fugate* is unnecessary. I do agree, however, that this matter must be remanded for the trial court to properly journalize the 230 days of credit given to appellant in open court at his sentencing hearing.